

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOHNNY C. JOHNSON III, | & | |
| Plaintiff, | & | |
| | & | |
| V. | & | |
| | & | CIVIL ACTION NO. 6:15-CV-1140 |
| | & | |
| THE CITY OF CANTON, TEXAS | & | |
| CANTON POLICE DEPARTMENT, | & | |
| And SGT. STEVE HALL, (in his official | & | |
| Capacity), | & | |
| Defendants, | & | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT:

Plaintiff, Johnny C. Johnson III, notices the Court that his complaint is being amended to show as follows.

Defendants The City of Canton, Texas and the Canton Police Department and Sgt. Steve Hall (in his official capacity) are being removed as defendants. Defendant Sgt. Hall is now being sued in his individual capacity for acts and violations against the Plaintiff which occurred during the course and scope of his employment.

I.

PARTIES

1. Johnny C. Johnson, is a citizen of Dallas, Texas.

2. Sgt. Steve Hall, police officer for the Canton Police Department in his individual capacity.

II.

JURISDICTION AND VENUE

1

3. This court has jurisdiction over the subject matter and persons due to its general jurisdiction and the defendant being employed and living in the City of Canton Texas. Also, the City of Canton is in the Eastern District of Tyler Texas.

III.

FACTS

4. On Saturday July 12, 2014, Johnson was stopped by Sgt. Steve Hall of the Canton Police Department. The reasons given by Hall was that Johnson was following to close and for nearly cutting him (Hall) off. Hall asked Johnson if he could search Johnson's car and the response was "do you have a warrant" and Hall answered "no" and Johnson stated "no, I don't want you searching my car." Sgt. Hall informed Johnson that he was a K-9 Police Officer and was going to get his K-9 and do an open air search of the car with the K-9. The passenger was told to get out of the car by Hall and a pat down search of the passenger, Johnson's brother, and Johnson was done by hall. Hall proceeded to walk his dog around Johnson's car and used a rubber ball to direct the dog by tossing the ball under the car and the dog tried to retrieve the ball and jumping and scratching the car. By the dog jumping on the car, the officer claims he was given authority to search the car. The officer, Sgt. Hall goaded the K-9 with a red ball and led the K-9 to do what Sgt. Hall wanted by using the red ball to get the K-9 to react in a way that was interpreted to be an alert. The search was done and no drugs was found in the car after the search. Johnson was given a warning and let go. Sgt. Hall went beyond his authority as a police officer to find plaintiff guilty of a crime but did not succeed.

IV.

CAUSES OF ACTION

5. VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION BROUGHT UNDER 42 U.S.C. SECTION 1983.

Johnson was traveling at the posted speed when the officer pulled up behind Johnson, then passed Johnson and pulled over into Johnson's lane and slowed down. This technique caused Johnson to be close to Hall's car and Johnson passed Hall legally in the passing lane again. Hall proceeded to turn his flashers on and pulled Johnson over. At no time was Johnson speeding, changing lanes improperly, always used his turn signals and stayed the legal distance behind cars and other vehicles. The officer's technique was used as pretext to stop Johnson and search for drugs due to Johnson being a black man. The acts or actions of Sgt. Hall shows how far in the violation of the law he was prepared to go to arrest Johnson.

6. VIOLATION OF THE 4TH AMENDMENT TO THE UNITED STATES CONSTITUTION – UNLAWFUL SEARCH- WITHOUT PROBABLE CAUSE BROUGHT UNDER 42 U.S.C. SECTION 1983

SGT. Hall abused his power as a police officer for the City of Canton Texas When he set Johnson up to be arrested by claiming two driving law violations. The two alleged violations were, a) following to close to another vehicle and, b) almost cutting off Sgt. Hall's police car while he was following Johnson. There is no credible evidence of either violation taking place. Sgt. Hall only listed the alleged traffic violation of "following too closely" on the warning given to Johnson but there was not a reference to the alleged "nearly cutting him off" as referenced in the official report filed by Sgt. Hall. Johnson was following the speed limit when the traffic stop was made, had not committed a crime, was not on his way to commit a crime, thus Sgt. Hall did not have Reasonable Suspicion involving a crime to search Johnson's auto.

Without Reasonable Suspicion, Sgt. Hall can't get to Probable Cause allowing him to search Johnson's auto.

Sgt. Hall uses the rouse of being "a member of the drug interdiction task force" and said "when a driver refuses a search request of his car, I can use my K-9 to do an open air search of the car." Plaintiff believes the search was illegal and had not given Sgt. Hall any cause to search his auto but the facts show that Sgt. Hall was intent on finding something illegal in Johnson's auto.

## 7. ILLEGAL K-9 SEARCH

Johnson's refusal Sgt. Halls' search request was a legal right for him to exercise at that time and did not give a reasonable person the right to infer that a crime had been committed or is in the process of being committed. Sgt. Hall retrieved his K-9 and did a prep of the dog before he lead the K-9 to the car. When the K-9 got to the car, he would not alert and Sgt. Hall used a "red ball" in his hand to get the K-9 to jump up on the car. Afterwards, Sgt. Hall announced he would be searching plaintiff's car because the K-9 had successfully alerted. A thorough search was performed inside the car and the trunk compartment. Sgt. Hall did not find any contraband in Plaintiffs' car and decided to issue a warning to plaintiff for allegedly following too close to another car. This K-9 was not trained to perform the task that Sgt. Hall wanted done which caused Sgt. Hall to go beyond the law to try and find something to convict Johnson without regard for the law.

## 8. RACIAL HARASSMENT.

SGT. Hall was aware of the race of the driver of the auto in question. Hall planned the traffic stop in hope of finding contraband which would yield an arrest of an African-American. Sgt. Hall did not have any reason to follow Johnson, then pass him and looked face to face at Johnson

while passing him. Further, Sgt. Hall should not have moved in front of Johnson's auto and slowed down to cause Johnson to be following him to close. When Johnson passed Sgt. Hall in the proper passing lane, the officer turned on his flashers and red lights signaling Johnson to stop. This was a planned and premeditated act by Sgt. Hall to arrest an African-American male even if it was without REASONABLE SUSPICION and PROBABLE CAUSE.

9. VIOLATION OF JOHNSONS' RIGHT TO PRIVACY.

Johnson had a right to privacy under the Fourth Amendment not to have his auto illegally searched Sgt. Hall. This violation was known by Sgt. Hall and any reasonable person should be aware of such rights of citizens of the State of Texas and the United States. This was an unlawful stop, an unlawful search, unlawful K-9 search and false alert which was planned when Johnson refused to allow Sgt. Hall to illegally search his auto without a warrant.

V.

DAMAGES

Plaintiff seeks damages of an unspecified amount for being subjected to his United States Constitutional rights being violated by the Defendants. All requested damages are within the jurisdictional authority of this court.

VI.

JURY DEMAND

8.      Plaintiff request trial by jury on all violations cited in the above paragraphs.

Respectfully submitted,

*Johnny C. Johnson III*

Johnny C. Johnson III
1207 Gregory Street
Dallas, Tx. 75232
Pro se

## Certificate of Service

I certify that on 6/07/2016, a true and correct copy of the foregoing was filed with the clerk

of the Court through certified mail return receipt requested in accordance with the Federal rules of

civil procedure. A true and correct copy of the foregoing was sent to defendants' attorney of record

as described below via regular mail on 6/07/2016.

CANTEY HANGERLLP
1999 Bryan Street, Ste. 3300
Dallas, Tx. 75201-6822
Att: Darrell G-M Noga
214.978.4100

*Johnny C. Johnson III*

Johnny C. Johnson III

Johnny C. Johnson III
1207 Gregory Street
Dallas, Tx. 75232

U.S. POSTAGE
PAID
DALLAS, TX
75214
JUN 07, 16
AMOUNT
$7.36
R2305K137159-13

1000

75702

First Class Mail

First Class Mail





CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7014 0510 000




U.S. District Court Eastern District
211 W. Ferguson, STE 106
Tyler, Tx. 75702
Attn: District Clerk